UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANGELIQUE NORRIS | * | |
| | * | |
|    Plaintiff, | * | Civil action No._____ |
| | * | |
| v. | * | Section_____ |
| | * | |
| A & S COLLECTION ASSOCIATES, INC., | * | Magistrate_____ |
| EQUIFAX INFORMATION SERVICES, LLC, | * | |
| USA LANDSCAPING, LLC and | * | |
| BRADEAUX GRANT | * | |
|    Defendants. | * | |
| ****************************************** | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   Introduction

1. This is a civil action brought by an individual consumer under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and Louisiana State Consumer Protection laws.

### II.   Jurisdiction

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

### III.   Parties

3. Plaintiff, Angelique Norris (hereinafter, "Norris") is a natural person who resides in Orleans Parish, Louisiana, and is a "consumer" as defined by the FCRA, 15 U.S.C. §

1

1681a(c). Norris is also an alleged "debtor" as defined by the FDCPA, 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debt."

4. Defendant A & S Collection Associates, Inc. (hereinafter, "A&S") is a Florida corporation with a principal place of business in Montpelier, Vermont, not authorized to do but doing business in the State of Louisiana, and is a person(s) who furnishes credit information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. A&S is also a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a. A&S may be served through its registered agent for service of process Corporation Service Company, 159 State Street, Montpelier, VT 05602.

5. Equifax Information Services, LLC (hereinafter, "Equifax") is a consumer-reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax is a foreign limited liability company authorized to do and doing business in the State of Louisiana, whose registered agent for service of process in the State of Louisiana is the Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129.

6. Defendant USA Landscaping, LLC (hereinafter, "USA Landscaping"), is a Louisiana limited liability company authorized to and doing business in the State of Louisiana. USA Lanscaping's registered agent for service of process in the State of Louisiana is Thyron Spears, 1025 Brokenbraugh Street, Metairie, LA 70005.

7. Defendant Bradeaux Grant (hereinafter, "Grant"), is a natural person who, upon information and belief, resides in Orleans Parish, Louisiana, and may be served at 1025 Brokenbraugh Street, Metairie, LA 70005. Grant was at all times relevant hereto, the managing and sole member of USA Landscaping.

2

## IV. Factual Allegations

8. On October 21, 2009, Norris entered into a contract with USA Landscaping for the installation of a flower-bed and other landscaping services for her home in New Orleans, Louisiana. The contract called for an initial payment of $1,300 and a subsequent payment upon completion of $800 for a total contract price of $2,100 to be completed by October 23, 2009.

9. USA Landscaping commenced work on the contract that day – October 21, 2009 – but did very little actual work, trimming two small trees and removing some old bushes. Employees of USA Landscaping returned to Norris' home on two occasions but did negligible work; no flowers were planted, no compost was installed and no mulch or fertilizer were laid.

10. On October 27, 2009, Norris spoke with Grant who informed her that he was still waiting for delivery of the fresh flowers, which were to make up Norris' flower-bed. The following day, after being unable to reach Grant all day, Norris left a voice mail for Grant canceling the contract and requesting reimbursement for the money she paid up front.

11. On October 28, 2009, Norris filed a formal complaint against USA Landscaping with the Better Business Bureau, in which Norris detailed USA Landscaping's failure to complete the job or to return some or all of her deposit.

12. For several weeks, Grant came to Norris' home, sometimes late into the evening, well past 9 pm, and demand payment for the unfinished job. On each such stalking, Norris

informed Grant that under no circumstances would she pay for services she did not receive. After one particularly heated exchange in November 2009, Norris called the New Orleans Police Department, but by the time an officer arrived, Grant had run off down the street.

13. Some time in early 2010, Norris began receiving telephone calls from A&S who was seeking to collect a debt allegedly owed to USA Landscaping. During one of the first such calls, Norris informed A&S that under no uncertain terms did she owe the debt, that she would ever pay one penny of the alleged debt, and demanded that A&S cease all collection activity accordingly. A&S, however, remained steadfast in its efforts calling several times per week despite being instructed not to.

14. By letter dated July 19, 2010, Norris was informed that her revolving charge account with Home Depot Credit Services had been closed due to information received from Equifax. Specifically, Equifax was reporting a delinquent credit obligation on Norris' credit report. Consequently, Norris reviewed her Equifax credit report and first discovered that the negative entry was an account being reported by A&S on behalf of USA Landscaping.

15. On August 13, 2010, Grant filed suit against Norris in the Small Claims Division of the First City Court of New Orleans in the State of Louisiana, bearing the case number 10-30348. There, Grant claimed that he had installed the flower-bed and that Norris owed him $1,200 for such service. Upon information and belief, Grant never perfected service of process upon Norris and such case remains dormant to this day.

16. On or about October 18, 2011, Norris filed a Consumer Complaint against Grant and USA Landscaping with the Louisiana Department of Justice, Consumer Protection

4

Section, in which she not only sought reimbursement of the deposit paid to USA Landscaping, but also to complain of A&S's harassing collection activities. A&S responded to such complaint on December 14, 2011 by stating: "The complainant has filed this complaint in an attempt to avoid paying a bill that is due." And, "Our collection efforts will continue." By letter dated December 21, 2011, Jackie Bates of the Consumer Section advised Norris that she may wish to consult private counsel and effectively closed its case.

17. The telephone calls did not stop; most often, Norris simply ignored the constant ringing of her telephone. Rarely, however, Norris would answer and futilely request A&S stop calling because she did not owe the money and that she would never pay one cent of it.

18. By letter dated April 25, 2012, A&S informed Norris that it intended to forward her allegedly delinquent account to a collection attorney "to use any and all legal means to collect the entire balance" of $1,010.53.

19. On July 19, 2012, Norris again reviewed her Equifax credit report, only to find to her dismay, that A&S was still reporting a debt allegedly owed to USA Landscaping in the amount of $1,011.

20. By letter dated July 26, 2012, the Louisiana law firm Couch, Conville & Blitt wrote to Norris seeking to collect $1,010.53 allegedly owed to USA Landscaping. Norris wrote back to Couch, Conville & Blitt and expressly and thoroughly disputed the validity of the alleged debt. Norris has had no further contact with such firm.

21. On August 13, 2012, Norris wrote to Equifax expressly and thoroughly disputing the validity of the USA Landscaping debt being reported by A&S. There, Norris confirmed that she did not owe the money and instructed Equifax to cease reporting the invalid debt.

22. By letter dated August 23, 2012, Equifax informed Norris that it had conducted a reinvestigation of the disputed account and concluded that the debt was valid. Equifax continues to report the invalid account to this day.

**First Claim for Relief**

**(Negligent Noncompliance with FCRA against A&S, USA Landscaping and Grant)**

23. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

24. Defendants A&S, USA Landscaping and Grant are "furnishers of credit information" as defined by 15 U.S.C. § 1681a(c).

25. Norris notified Equifax that she disputed the USA Landscaping account as reported by A&S and Equifax notified A&S of Norris' dispute. A&S responded to such dispute by wrongfully verifying the accuracy of the account and Equifax reported it as such.

26. Defendants A&S, USA Landscaping and Grant negligently failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681s-2(b).

27. As a result of A&S, USA Landscaping and Grant's failure to comply with the requirements of the FCRA, Norris has suffered, and continues to suffer, actual damages, including economic loss, loss of her Home Depot Credit Services account, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities and emotional distress for which Norris seeks damages in an amount to be determined by the jury.

28. Norris requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## Second Claim for Relief

**(Willful Noncompliance with FCRA against A&S, USA Landscaping and Grant)**

29. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

30. Defendants A&S, USA Landscaping and Grant are "furnishers of credit information" as defined by 15 U.S.C. § 1681a(c).

31. Norris notified Equifax that she disputed the USA Landscaping account as reported by A&S and Equifax notified A&S of Norris' dispute. A&S responded to such dispute by wrongfully verifying the accuracy of the account and Equifax reported it as such.

32. Defendants A&S, USA Landscaping and Grant willfully failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681s-2(b).

33. As a result of A&S, USA Landscaping and Grant's failure to comply with the requirements of the FCRA, Norris has suffered, and continues to suffer, actual damages, including loss of her Home Depot Credit Services account, economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities and emotional distress for which Norris seeks damages in an amount to be determined by the jury, in addition to statutory damages in an amount to be determined by the Court.  Norris also seeks punitive damages in an amount to be determined by the jury.

34. Norris requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

## Third Claim for Relief

### (Fair Debt Collection Practices Act)

35. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

36. Norris is an alleged "debtor" as defined by 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debts."

37. Defendant A&S is a "debt collector" as defined by 15 U.S.C. § 1692a.

38. Defendant A&S violated 15 U.S.C. § 1692e(8) by causing information to be reported to a credit reporting agency which it knew to be false or should have known to be false.

39. Defendant A&S violated 15 U.S.C. § 1692e by representing that Norris owed amounts that she did not owe.

40. Defendant A&S violated 15 U.S.C. § 1692(c) by communicating with Norris after it knew, or should have known Norris requested cessation of all communication.

41. Defendant A&S violated 15 U.S.C. § 1692(d)(5) by causing Norris' telephone to ring incessantly with the intent to annoy, abuse and harass Norris.

42. Defendant A&S violated 15 U.S.C. § 1692(e)(2)(a) by falsely representing the character and legal status of the alleged debt.

43. Defendant A&S violated 15 U.S.C. § 1692g(b) by continuing collection activities within 30 of receipt of formal dispute and notification that Norris requested validation of the account.

44. As a result of A&S's failure to comply with the requirements of the FDCPA, Norris has suffered actual damages, including loss of her Home Depot Credit Services account, denial of other credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which she seeks damages in an amount to be determined by the jury, in addition to statutory damages in an amount to be determined by the Court.

### Fourth Claim for Relief

### (Negligent Noncompliance with FCRA against Equifax)

45. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

46. Equifax negligently failed to comply with the requirements of FCRA.

47. As a result of Equifax's failure to comply with the requirements of FCRA, Norris has suffered, and continues to suffer, actual damages, including loss of her Home Depot Credit Services account, economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities and emotional distress for which Norris seeks damages in an amount to be determined by the jury.

48. Norris requests attorneys' fees pursuant to 15 USC §1681o(a).

### Fifth Claim for Relief

### (Willful Noncompliance with FCRA against Equifax)

49. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

50. Equifax willfully failed to comply with the requirements of FCRA.

51. As a result of Equifax's failure to comply with the requirements of FCRA, Norris has suffered, and continues to suffer, actual damages, including loss of her Home Depot Credit Services account, economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities and emotional distress for which Norris seeks damages in an amount to be determined by the jury. Norris also seeks punitive damages in an amount to be determined by the jury.

52. Norris requests attorneys' fees pursuant to 15 USC §1681n(a).

### Sixth Claim for Relief

**(Defamation against A&S, USA Landscaping and Grant)**

53. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

54. Defendants A&S, USA Landscaping and Grant furnished information to credit-reporting agencies, with actual malice or a willful intent to injure Norris.

55. Defendants A&S, USA Landscaping and Grant published false and defamatory information with actual or implied malice, which resulted in an injury to Norris.

56. As a result of A&S, USA Landscaping and Grant's defamation, Norris has suffered, and continues to suffer, actual damages, including loss of her Home Depot Credit Services account, economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities and emotional distress for which Norris seeks damages in an amount to be determined by the jury. Norris also seeks punitive damages in an amount to be determined by the jury.

### **Seventh Claim for Relief**

**(Intentional Infliction of Emotional Distress against A&S, USA Landscaping and Grant)**

57. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

58. Defendants A&S, USA Landscaping and Grant engaged in extreme and outrageous methods in their attempt to collect a debt from Norris that they either knew, or should have known was not Norris' responsibility.

59. As a result of A&S, USA Landscaping and Grant's intentional infliction of emotional distress, Norris has suffered, and continues to suffer, actual damages, including loss of her Home Depot Credit Services account, economic loss, invasion of privacy, interference with her normal and usual activities, damage to reputation, emotional distress worry, fear, frustration, embarrassment, and humiliation, for which she seeks damages, including both general and special damages, in an amount to be determined by the jury. Norris also seeks punitive damages in an amount to be determined by the jury.

### **Eighth Claim for Relief**

**(Invasion of Privacy against A&S, USA Landscaping and Grant)**

60. Norris realleges paragraphs 1 – 22 as though fully set forth herein.

61. Defendants A&S, USA Landscaping and Grant engaged in unreasonably coercive methods in its attempt to collect a debt from Norris that they either knew, or should have known was not Norris' responsibility.

62. As a result of A&S, USA Landscaping and Grant's invasion of privacy, Norris has suffered, and continues to suffer, actual damages, including loss of her Home Depot Credit Services account, economic loss, damage to reputation, invasion of privacy,

interference with her normal and usual activities, emotional distress, worry, fear, frustration, embarrassment, and humiliation for which Norris seeks damages, including both general and special damages, in an amount to be determined by the jury. Norris also seeks punitive damages in an amount to be determined by the jury.

WHEREFORE, Norris respectfully requests that the Court grant the following relief in her favor and against each defendant for:

a) Actual damages in an amount to be determined by the jury;

b) Statutory damages in an amount to be determined by the Court;

c) Punitive damages in an amount to be determined by the jury;

d) Attorney's fees, litigation expenses and costs; and

e) Such other and further relief as is appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DATED this 7th day of September, 2012.

PATRICK MILLER LLC

/s/ *Marc R. Michaud*
Marc R. Michaud, La. Bar No. 28962
400 Poydras Street, Ste. 1680
New Orleans, LA 70130
(504) 680-4318 (Telephone)
(504) 527-5456 (Facsimile)
mmichaud@patrickmillerlaw.com (Email)
Attorney for Angelique Norris